# IN THE COURT OF APPEALS OF IOWA

───────────────

No. 24-1787
Filed July 8, 2026

───────────────

**Tammy Shawn Dalcourt,**
Plaintiff–Appellee,
v.
**Robin Lance Buddi,**
Defendant–Appellant.

───────────────

Appeal from the Iowa District Court for Woodbury County,
The Honorable Steven J. Andreasen (protective order) and The Honorable
James N. Daane (request to modify protective order), Judges.

───────────────

**AFFIRMED**

───────────────

Robin L. Buddi, Sioux City, self-represented appellant.

Tammy S. Dalcourt, South Sioux City, Nebraska, self-represented appellee.

───────────────

Considered without oral argument
by Greer, P.J., and Buller and Langholz, JJ.
Opinion by Greer, P.J.

**GREER, Presiding Judge.**

In August 2024, Tammy Dalcourt, as a substitute petitioner, filed a petition for relief from elder abuse on behalf of D.E., the protected person.[1] The petition alleged that Robin Buddi, D.E.'s daughter's boyfriend, was committing elder abuse against D.E. A hearing was held September 12, and Dalcourt, Buddi, and D.E. testified.[2] The district court stated several times that it was not making any determination about the property rights or personal belongings that might be in dispute, noting "[t]hat's something all parties could do in a separate type of proceeding." Buddi answered, "Understood."

After the hearing, the district court found that Buddi committed elder abuse against D.E. On September 26, the court entered an elder abuse protective order protecting D.E. from Buddi, effective until September 12 the following year. The order further clarified that:

> any dispute between the parties in regard to personal property items must be resolved in a separate proceeding. The officer accompanying [Buddi] at the residence as allowed above is not responsible for determining any such personal property disputes and [Buddi] per this order is only allowed to retrieve items of h[is] personal property for which there is no dispute.

On September 29, Buddi filed a pleading that was a request to modify the elder abuse final protective order, contending he did not commit elder abuse and "asking the court to contact" D.E. and Dalcourt on property related issues. The next day, district court found that Buddi's request to modify was without merit and ordered Buddi not to file any further pleadings

---

[1] Dalcourt is D.E.'s niece.

[2] Dalcourt made an additional elder abuse claim on behalf of D.E. against another individual that was heard as a part of these proceedings, and the defendant in that case also testified.

related to property issues, which the court had directed in the earlier order were to be addressed in a separate action.

Buddi appealed from the September 30 ruling that established there was no merit in his pleading that requested court intervention related to the property issues, along with other related orders adverse to him. We review a district court's decision related to Iowa Code chapter 235F (2024) de novo. *Struve v. Struve*, 930 N.W.2d 368, 371 (Iowa 2019) (noting that entitlement to relief requires that the substitute petitioner prove by a preponderance of the evidence the protected person was subject to elder abuse).

But we cannot reach the merits of Buddi's appeal because the arguments were not raised below or specifically ruled upon by the district court. Further, Buddi asks that we address the dismissal of claims that are not part of the pleadings in this record. "Parties may not raise new theories after trial, even in equitable matters. This includes seeking new remedies and raising new defenses." Thomas A. Mayes & Anuradha Vaitheswaran, *Error Preservation in Civil Appeals in Iowa: Perspectives on Present Practice*, 55 Drake L. Rev. 39, 46 (2006) (footnotes omitted). And although not raised by Dalcourt, we still consider on appeal whether error was preserved. *See Top of Iowa Coop. v. Sime Farms, Inc.*, 608 N.W.2d 454, 470 (Iowa 2000).

We address error preservation on each challenge made in Buddi's appellate filings. First, he asserts his constitutional due process rights under the United States and Iowa Constitutions were violated when the district court extended the term of the protective order without notice or an opportunity to be heard. The district court summarized its decision at the end of the evidence during the September 12 hearing and indicated that the protective order would extend for three months. Before the district court entered its written ruling, Dalcourt submitted a letter where she asked that

3

the protective order extend for a year, along with other allegations that were outside the record made at the hearing. The final written order indicated the protective order would extend for one year, "effective until September 12, 2025." Buddi then filed his motion to modify the protective order but did not address the term of the order or mention his due process rights. Except for his appellate brief, the record is completely devoid of any mention of his due process rights. "We exercise our de novo review only with respect to issues raised and preserved at trial." *Hyler v. Garner*, 548 N.W.2d 864, 870 (Iowa 1996). At no time did Buddi file a post-hearing challenge related to his due process rights. We do not consider this challenge.

Second, Buddi argues that the district court erred by "dismissing" his retaliation claim because he demonstrated that the protective order was filed in response to his protected civil rights activity. Yet, there is no record of a "retaliation claim" in this proceeding, other than references to the word "retaliation" in an earlier filed motion to dismiss and general allegations at the hearing that the petition was filed for retaliation. We note that Buddi filed several motions to dismiss throughout the case, but Buddi had to "do more" to preserve error on his appeal if that is what he meant by a retaliation claim, as Buddi did not address these challenges in any post-ruling filing or file for any interlocutory appeal after the motions to dismiss were denied. *Jones v. Glenwood Golf Corp.*, 956 N.W.2d 138, 143 (Iowa 2021) (citation omitted); *see also Halbur v. Larson*, 14 N.W.3d 363, 373 (Iowa 2024) ("To bring finality to the ruling on the motion to dismiss and to preserve error on the claim, the party seeking relief must obtain interlocutory review of the denial of the motion to dismiss or must move for directed verdict and renew the motion at the close of evidence."). Because this is an entirely new argument, we do not consider it here. "It is a fundamental doctrine of appellate review that issues

must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).

Finally, Buddi asserts that the district court also erred in "dismissing" his "defamation and malicious prosecution claims." As with the retaliation claim, we find the same failure to preserve error because we can find no order dismissing his alleged claims in this record.

Buddi's appeal was only from the proceedings related to the imposition of the elder abuse protective order. Because Buddi failed to either preserve error on his arguments or appeal from any dismissals of his alleged other claims, we need not address the merits of his appeal any further.

**AFFIRMED.**